# Acceptance of Legal Fees by United States Attorney

United States Attorney would be prohibited by 18 U.S.C. § 205(1) from accepting an attorney's fee generated in a case that he handled while in private practice, if the lawsuit were determined to constitute a claim against the United States, and if his interest in the fee was of a contingent nature at the time he began government service.

Whether a matter in litigation constitutes a claim against the United States for purposes of 18 U.S.C. § 205 depends not upon whether the United States is a plaintiff or defendant, but upon whether the United States has a significant monetary interest at stake in the lawsuit.

November 4, 1982

## MEMORANDUM OPINION FOR THE DIRECTOR, EXECUTIVE OFFICE FOR UNITED STATES ATTORNEYS

You have asked for our views on the propriety of a United States Attorney accepting an attorney's fee generated in a case that he handled while in private practice. While we do not have sufficient information to reach a conclusive determination on this question, the following discussion should assist you in making your decision in the matter.

You have advised us that prior to his appointment as United States Attorney, Mr. A negotiated a proposed settlement for his clients in a suit you characterized as "a title dispute between relatives" where the United States was named as a "nominal party" because the Farmer's Home Administration (FmHA) held a mortgage on the property. Mr. A states that although he negotiated the settlement prior to assuming his position as the United States Attorney, a final consent decree was not entered in the case until the defendants were able to obtain a loan from the FmHA to pay the settlement. The settlement was entered approximately a year and a half after Mr. A assumed his position as the United States Attorney. During this year and a half, Mr. A's former clients were represented by another lawyer, who has tendered to Mr. A $1,265.50, which constitutes one-half of the contingent fee collected from the clients.[1]

---

[1] We presume that the 50-50 split of any attorney's fee collected was agreed upon between the lawyers before Mr. A assumed his position as United States Attorney. We also understand that the total attorney's fee collected was based upon Mr A's original agreement with his clients that they would pay as an attorney's fee one-third of any amount recovered in the suit.

As you know, the applicable conflict of interest statute is 18 U.S.C. § 205. In pertinent part this statute prohibits officers or employees of the United States from receiving any share of or interest in any claim against the United States. 18 U.S.C. § 205(1). As a preliminary matter, you will want to determine whether this suit can reasonably be said to constitute a "claim against the United States." In our view, this is primarily a question of fact that you must determine by reviewing the nature of the interests of the FmHA in this lawsuit.[2]

As you know, there is some judicial authority to support the proposition that not every case involving the monetary interests of the government necessarily constitutes a claim against the United States. In *United States* v. *679.19 Acres of Land*, 113 F. Supp. 590, 593 (D.N.D. 1953) the court held that the predecessor statute to § 205(1) did not bar an employee of the Soil Conservation Service from testifying under subpoena as an expert witness in a land condemnation suit. In reaching this conclusion, the court stated that the suit did not constitute a claim against the United States because the United States was the plaintiff rather than the defendant in the suit. While we agree with the court that giving expert testimony was not within the intended purview of § 205 as it then read,[3] we do not agree that the position of the United States as plaintiff or defendent is controlling in determining the application of § 205(1). Rather, we suggest that the inquiry into whether a matter is a claim against the United States should be focused on whether the United States has a significant monetary interest at stake in the lawsuit. *See also* Office of Legal Counsel Memorandum of November 9, 1966, to the Assistant Attorney General, Land and Natural Resources Division.

If you determine that this lawsuit does constitute a claim against the United States, the transaction described in your memorandum would seem to fall within the prohibition of § 205(1). If, however, the problem of this contingent fee had been raised at the time Mr. A was appointed United States Attorney, it may have been possible to arrange for him to receive *quantum meruit* compensation for his past service without contravening § 205(1). More specifically, Mr. A might have eliminated his interest in the claim by (1) reducing his fee to a sum certain calculated on the basis of work actually performed (rather than percentage of the amount recovered) and (2) collecting this amount (or a lesser amount discounted to account for the speculative nature of the fee entitlement) from his succeeding counsel. As you know, the Department routinely recommends this method to incoming attorneys who must eliminate contingent fee interests in litigation involving the United States. *See e.g.,* Office of Legal Counsel Memorandum of November 9, 1966, *supra*.

We recognize that it is not factually possible to turn back the clock in this case to remove the contingent nature of the tendered fee. On the other hand, a thorough review of the facts may reveal that the contingent aspect of this fee was effectively eliminated by the settlement agreement arranged prior to Mr. A's

---

[2] We are not in a position to make this determination based on the scant facts provided by Mr. A, and we will defer to your judgment on this point.

[3] This view was incorporated into the statute when it was amended in 1962 *See* 18 U.S C § 205 (last clause) [exempting the giving of testimony under oath from the application of the statute].

assumption of federal office.[4] If your review of the facts convinces you that this was the case, we would not object to after-the-fact arrangement of the sort described above. That would simply mean that Mr. A's fee would have to be scrutinized and, if necessary, reduced to ensure that it represents no more than a fair hourly fee for services actually rendered.

In the future you may wish to take steps to encourage employees to make arrangements to eliminate contingent fees at the time that they begin government service. In the case of persons required to file financial disclosure forms, you will have an opportunity to raise and resolve such problems at the time that you review their financial disclosure reports. In some cases this issue will be raised by the report itself in the section disclosing relationships with former employers. In our view it would be a good practice to question prospective employees specifically about any interests in contingent fees, whether or not the issue is raised in their reports.

THEODORE B. OLSON
*Assistant Attorney General*
*Office of Legal Counsel*

---

[4] In reviewing the facts, you should inquire into the reasons why (1) the settlement was not made final for a year and a half, (2) Mr. A was willing to give a full 50 percent of the fee to the succeeding counsel, and (3) the FmHA was willing to fund the settlement In addition, you should satisfy yourselves that Mr A played no role, as the United States Attorney, in convincing the FmHA to provide the loan that funded the settlement.